This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **NO. 33,033**

**RICHARD K. OTERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Steven L. Bell, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Karl Erich Martell, Assistant Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

**{1}** Richard K. Otero (Defendant) appeals his conviction for aggravated battery with a deadly weapon. We previously issued a notice of proposed summary disposition, proposing to uphold the conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** Defendant has raised a single issue, challenging the sufficiency of the evidence. When presented with an argument of this nature this Court must view the evidence in the light most favorable to the verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict. *State v. Riley*, 2010-NMSC-005, ¶ 12, 147 N.M. 557, 226 P.3d 656. "[C]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts.", *overruled on other grounds by State v. Montoya*, 2013-NMSC-020, 306 P.3D 426 (internal quotation marks and citation omitted). *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Nor will this Court "evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence." *State v. Graham*, 2005-NMSC-004, ¶ 13, 137 N.M. 197, 109 P.3d 285 (internal quotation marks and citation omitted).

**{3}** As we previously described at length in the notice of proposed summary disposition, the State presented sufficient evidence to support each of the elements of the offense. To very briefly summarize, the testimony of several witnesses established

that Defendant attacked the victim with a dowel, causing the victim to suffer injuries to his arm and head for which he subsequently received medical care. This evidence supplied adequate support for the conviction. *See, e.g., State v. Foxen*, 2001-NMCA-061, ¶¶ 3-5, 17, 130 N.M. 670, 29 P.3d 1071 (rejecting a challenge to the sufficiency of the evidence to support a conviction for aggravated battery with a deadly weapon, in light of testimony of the victim and other witnesses that the defendant had aggressively attacked the victim by striking and ultimately stabbing him).

{4}     In his memorandum in opposition we understand Defendant to continue to urge the Court to reweigh the evidence in this case, specifically with respect to the characterization of the stick as a deadly weapon. [MIO 3-4] However, as a reviewing court, we cannot second-guess the jury's determination. *See State v. Bennett,* 2003-NMCA-147, ¶ 20, 134 N.M. 705, 82 P.3d 72 (recognizing the limited role of the reviewing court, relative to the assessment of conflicting evidence); *Foxen*, 2001-NMCA-061, ¶17 (observing that "the jury was not obligated to believe [the d]efendant's testimony, to disbelieve or discount conflicting testimony, or to adopt the defendant's view)." We further acknowledge that no deadly injury was inflicted and no overnight hospitalization may have been required. [MIO 4] However, it was not incumbent upon the State to demonstrate that the victim suffered such grave injuries.

The State was merely required to show that Defendant struck the victim with a wooden dowel and that a wooden dowel, when used as a weapon, *could* cause death or great bodily harm. [RP 75] *See* UJI 14-322 NMRA (defining the elements of aggravated battery with a deadly weapon); *see also State v. Traeger,* 2001-NMSC-022, ¶ 16, 130 N.M. 618, 29 P.3d 518 ("[W]e require that a jury determine, given the defendant's use, if the [object] was *capable of* producing death or great bodily harm." (emphasis added) (alteration in original) (internal quotation marks and citation omitted)). This requirement was duly satisfied. *See generally State v. Neatherlin*, 2007-NMCA-035, ¶ 13, 141 N.M. 328, 154 P.3d 703 (listing a variety of objects that can be found to be deadly weapons, including sticks).

{5}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{6}     **IT IS SO ORDERED.**


_____
**TIMOTHY L. GARCIA, Judge**


**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**

4

_____

**MICHAEL E. VIGIL, Judge**